# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 15-01926-BKT |
|---|---|
| **DELGADO RIVERA, ORLANDO** <br> **DELGADO ANDRADES, CARMEN L** | **CHAPTER 7** |
| **DEBTOR(S)** | |

## OBJECTION TO CLAIMED HOMESTEAD EXEMPTION

**TO THE HONORABLE COURT:**

COMES NOW, Wilfredo Segarra Miranda, Trustee of the estate of the above-named debtor, and respectfully states and prays as follows:

1. Debtor's filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 17, 2015. (See docket No. 1) and converted to Chapter 7 on January 4, 2016.

2. That the 341 meeting on the conversion was scheduled for February 16, 2016 at 1:30 p.m. and continuance held on February 22, 2016 at 9:30 a.m.

3. That in Schedule "C" filed in these proceedings, debtors claim homestead exemption over real property located at Bo. Duque, Section Cecilia, Naguabo, Puerto Rico pursuant PRLA 31 §§385(a), 1851 – 1857 (as amended by Law 195 of September 13, 2011, and Law 2577 of September 15, 2012).

4. That Trustee objects the homestead exemption for the following reasons:

   a. That the Puerto Rico Homestead Statutes states that the homestead exemption may not be waived, except that under the following circumstances, it is presumed waived:

      i. "Section 4.- Waivers and Exemptions.-
      The Homestead right shall not be waived and any agreement to the contrary shall be declared null.
      However, the homestead right shall be deemed to be waived in the following circumstances:
      a) …
      b) In case of state and federal tax collection.
      c) …"

5. That in this case the Puerto Rico Treasury Department had commenced collection proceeding for back taxes owed from 2003 to 2005 in 2008 including attachment on property. Debtor thereafter claimed homestead over their residence by Deed #3, before Juan A. Santos Berrios, Notary Public, executed on February 10, 2015.

6. In the present bankruptcy proceeding the Puerto Rico Treasury Department has filed Proofs of claim for said back taxes owed since 2003 to 2005 as follows:

    a. POC #2-1 in the amount of $411,674.50

    b. POC #3-1 in the amount of $411,674.50

7. It is clear that the Legislative intent in framing Section 4 paragraph b, to the effect the Homestead right shall be deemed to be waived in case of state tax collection, is to prioritize and permit collection of state taxes, notwithstanding the homestead claim. Thus in a collection proceeding before the state courts debtors cannot raise the homestead right as a defense. It is "a cardinal canon in statutory interpretation is that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992), cited in In re Perez Hernandez, 473 B.R. at 501. "

8. In the present circumstances where debtors have filed a bankruptcy proceeding, now under Chapter 7, the bankruptcy court is confronted with the task of safe guarding the legislative intent of prioritizing the collection of state taxes over and above the state's homestead right. In a similar situation, when confronting the exception provided in the homestead statute for the collection of mortgage liens, the Honorable Judge, Enrique S. Lamoutte, found that said mortgage exception could only be raised by the mortgage holder. In so holding the Court followed clear jurisprudence of the Supreme Court of Puerto Rico, but limited to mortgage liens.

9. In the present case the competing interests are different and the statute must be weighed accordingly. In the case of a mortgage lien it is settled doctrine that the lien survives the bankruptcy proceeding, which means that there is no prejudice to the mortgage lien creditor, if the claim is not paid during the course of the Chapter 7 bankruptcy. The situation is not the same in the case of the Puerto Rico

Treasury Department, as the exception afforded to tax collection does not create a lien in favor of its claim. Moreover, except for the tax claims protected from discharge under 11 U.S.C. §523, all other claims for the payment of back taxes, including the ones filed in this case, would be forever discharged. Such a result would clearly go against the legislative intent provided by the homestead statute prioritizing the collection of states taxes.

10. It is clear, that in the balancing of both interests, the payment of taxes and homestead exemption, the Puerto Rico Legislature has put first the payment of the taxes. In order to implement the law's intent, this Honorable Court should grant trustee's objection to the homestead exemption claimed by debtors, in order to provide for the administration of this asset in payment of back taxes.

WHEREFORE, it is respectfully prayed this Honorable Court grant this motion.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following was filed electronically through CM/ECF and therefore electronically notified. In addition, copies of this motion were sent by the Trustee to the debtor and attorney for debtor.

In San Juan, Puerto Rico, this 22 day of March, 2016.

*s/Wilfredo Segarra Miranda*
**Wilfredo Segarra Miranda, Trustee**
**PO Box 9023385**
**San Juan, P.R. 00902-3385**
**Tel. (787)725-6160**
**Email: wisegar@gmail.com**