# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>ORLANDO DELGADO RIVERA<br>CARMEN L. DELGADO ANDRADES<br><br>DEBTORS | CASE NO. 15-01926 [ESL]<br><br>CHAPTER 7 |

## MOTION TO ALTER ORDER AT DOCKET NO. 48 AND INCORPORATED BRIEF

TO THE HONORABLE COURT:

COMES NOW TRUSTEE, Wilfredo Segarra-Miranda ("Trustee"), through his undersigned attorney and most respectfully STATES AND PRAYS:

## I.
## RELEVANT FACTS

1. On March 17, 2015, Debtors' filed a petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code. See: Docket No. 1.

2. On December 31, 2015, Debtors' filed a notice of conversion to Chapter 7. See: Docket No. 18.

3. On January 1, 2016, Wilfredo Segarra-Miranda was appointed Trustee. See: Docket No. 24.

4. On Schedule "C" Debtors' had claimed their exemptions under local law and had specifically claimed an exemption over a real property located at Naguabo, Puerto Rico

1

("Naguabo Property") under Law 195 of September 13, 2011 and Law 257 of September 15, 2012. 31 LPRA §1858.

5. On March 22, 2016, Trustee filed a timely objection to Debtors' claim of exemptions. See: Docket No. 34.

6. In his objection Trustee claimed that according to the Puerto Rico Homestead Law, the exemption is deemed waived in, among others, the collection of state and federal taxes owed.

7. On May 25, 2016, Debtors' filed a reply to Trustee's objection. See: Docket No. 41. In their reply, Debtors' alleged that the attachments that had been registered by the Treasury Department over the Naguabo Property had expired before the filing of the petition in bankruptcy and that the Naguabo Property was "released" from the Treasury attachments.

8. In sum, according to Debtors' argument, for the homestead right to be waived, the Treasury must have a valid lien over the property for the homestead right to be deemed waived.

9. The Treasury Department has filed a Proof of Claim in the amount of $411,674.50. See: Claims Register, Claim No. 2.[1]

10. By Order dated June 21, 2016, the Court ordered Trustee to state his position as to Debtors' reply. See: Docket No. 42.

---

[1] Although the Treasury Department has also filed Proof of Claim no. 3, it appears to be a mistake and a duplicate of Claim no. 2.

11. Three days later, on June 24, 2016, Trustee filed an application to employ the undersigned attorney as special counsel. See: Docket No. 44. On that same date, Trustee requested an extension of thirty days to comply with the Court's order at docket no. 42. See: Docket No. 45.

12. In Trustee's motion for extension of time he informed the Court that he had filed an application to employ special counsel "…in order to comply with the court's order to state his position", for which reason he was requesting the 30 day extension "…to file the corresponding memorandum of law". See: Motion for Enlargement, at Parr. 3.

13. On June 27, 2016, the Court granted the extension of time requested by Trustee. See: Docket No. 46.

14. However, the application of employment of counsel was not ruled upon until July 29, 2016, just after an order had been entered granting Debtors' reply to the objection to exemption, in an apparent reaction to Trustee's failure to file his reply memorandum. See: Dockets No. 48 & 49.

15. By inadvertence, the undersigned did not become aware of the orders entered, including the order approving her employment, until August 30, 2016.

16. For the reasons to be henceforth discussed, Trustee respectfully requests that the order entered on July 29, 2016 granting Debtors' reply be altered and vacated and, for the reasons to be discussed, the objection to the exemption be granted.

# II.
# DISCUSSION

1. **EXCEPTIONAL CIRCUMSTANCES EXIST FOR THE COURT TO ALTER THE ORDER-**

The Federal Rules of Civil Procedure provide for a party adversely affected by an order or judgment of the court to request a remedy. While they do not expressly recognize motions for "reconsideration, they are commonly treated as motions to alter or amend judgment under Rule 59 (e) or motions for relief from judgments or orders under Rule 60 (b). For the most part, the controlling doctrine will hinge on the filing date of such motion. Global Maps Inc., Verizon New England, Inc. 489 F. 3d 13 (1st Cir. 2007). The instant motion is filed pursuant to Fed. R. Civ. P. 60 (b).

Fed. R. Civ. P. 60 (b), provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1) is generally utilized for mistake, inadvertence, surprise, or excusable neglect of a party involved in a legal proceeding. However, contrary to other Circuits, the First Circuit has specifically held that Fed.R.Civ.P. 60(b)(1) is limited in scope and as such, a legal error is not the type of mistake, inadvertence, surprise or excusable neglect that justifies relief under Fed.R.Civ.P. 60(b)(1). Silk v. Sandoval, 435 F.2d 1266, 1268 (1st Cir.1971). In re Rosado, No. 07-05871, 2010 WL 1005190, at *6–7 (Bankr. D.P.R. Mar. 15, 2010).

Fed.R.Civ.P. 60(b)(6) as the catchall provision is generally employed in extraordinary circumstances that justify relief for cases which are brought before the court for post trial review after the time constraints mandated under other rules. United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir.1989). Rule 60(b)(6) provides courts with a residual reservoir of equitable power to grant discretionary relief from a final judgment "... where such relief is appropriate to accomplish justice." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir.2001).

A court may invoke Rule 60(b)(6) to cure a manifest error of law if the error constitutes a "reason that justifies relief" not covered by any other subsection of the rule. Rosaura Bldg. Corp. v. Municipality of Mayagüez, 778 F.3d 55, 64 (1st Cir.2015) (quoting Fed.R.Civ.P. 60[b][6]; and citing *Cotto v. United States,* 993 F.2d 274, 278 [1st Cir.1993] ). "[C]ourts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the

movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party. *Bouret–Echevarria,* 784 F.3d at 43 (citing *Superline,* 953 F.2d at 20)." Lopez-Rosario v. Programa Seasonal Head Start, 140 F. Supp. 3d 214, 220, 2015 Fair Empl. Prac. Cas. (BNA) 357207, 2015 WL 6471192.

Motions brought pursuant to Rule 60(b)(6) are subject to a 'reasonable' time limit. A motion filed within approximately one month of the order, is generally ruled as timely. There is nothing "unreasonable" about a one-month period of time. Lopez-Rosario v. Programa Seasonal Head Start, 140 F. Supp. 3d 214, 220–21.

Although relief under Rule 60(b)(6) requires a showing that exceptional circumstances justify extraordinary relief, "…it is settled law that some errors of law are so "fundamental" and unjust that they do, indeed, present "exceptional circumstances" warranting such relief. Damon v. United States, 732 F.3d 1, 3 (1st Cir.2013) (quoting *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 [1974]).

It is respectfully submitted that, in this case, the legal errors that led to the entry of the order granting Debtors' reply constitute exceptional circumstances, especially since the Court entered the order even before granting Trustee's application to employ counsel, which application had been filed precisely to file the memorandum of law in response to Debtors' reply. In particular, and as will be hereinafter discussed, nothing in the PR Homestead Law requires that the Treasury Department must have a valid attachment or security for the homestead right to be deemed waived as to their claims.

2. **THE PR HOMESTEAD ACT DOES NOT REQUIRE A RECORDED VALID LIEN FOR THE RIGHT TO BE DEEMED WAIVED AS TO THE TREASURY DEPARTMENT**-

Although exemptions are to be liberally construed in favor of the debtor, courts should not depart from the plain statutory language nor extend the legislative grant. Simply stated if the Puerto Rico Homestead Law limits the exemption to one property for spouses married under conjugal partnership regime, nothing in the Bankruptcy Code changes this result. In re Hiddleson, 1997 WL 34584332, (Bankr. D. Idaho 1997). After all, "(t)he purpose of the incorporation of state law exemption rights in bankruptcy is to 'ensure that the trustee takes in each state whatever would have been available to the creditors if the bankruptcy law had not been passed". In re Diaz-Collazo, 524 B.R. 431 (2015) (quoting from In re Perez, 302 B.R. 661, 662 (Bankr. D. Ariz. 2003)).

> Section 1858a of the Homestead Act, 31 L.P.R.A., provides that
>
> The homestead right shall not be waived and any agreement to the contrary shall be declared null.
> **However, the homestead right shall be deemed to be waived in the following circumstances**:
> (a) All cases in which the protected property is pledge for a mortgage.
> (b) **In case of state and federal tax collection**.
> (c) In cases of debt owed to contractors for repairs to the protected property.
> (d) In cases in which the person who claims or has previously claimed the right recognized under this chapter chooses to claim, in a petition under the Federal Bankruptcy Code, the exemptions provided under Section 522(b)(2) of said Code in lieu of the local and homestead protection exemptions allowed under the Bankruptcy Code under Section 522(b)(3).
> (e) All cases related to loans, mortgages, sharecropping agreements, and promissory notes payable to the order of or secured or executed by the Puerto Rico Production Credit Association, the Small Business Administration, the Puerto Rico Housing Financing Authority, the U.S.

Farmers Home Administration, the Federal Housing Administration (FHA), the U.S. Department of Veterans Affairs, and the Department of Economic Development and Commerce of Puerto Rico; and the entities succeeding them, as well as in favor of any other Commonwealth or Federal agency or entity securing mortgage loans that are secured and sold in the secondary market. (Emphasis supplied).

It is a basic rule of statutory construction that courts should interpret not only the individual words, but also the provision as a whole along with related provisions. United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Assocs, Ltd, 484 US 365, 371 (1988). Courts should not interpret a word to make other words or provisions meaningless or superfluous. United States v. 144,774 pounds of Blue King Crab, 410 F, 3d 1131, 1134 (9th Cir. 2005). However, when the letter of the law is clear and its language straightforward, the legislative intent must be respected. Mun. de San Juan v. Banco Gubernamental de Fomento, 140 D.P.R. 873 (1996).

The Homestead Act clearly provides that such right is deemed waived as to state tax collection. Nowhere does it require that an attachment be filed by the Treasury. The right is sim ply deemed waived in all tax collection cases ("casos de cobro de contribuciones").

That was the balance designed by the legislator. The Statement of Motives of the Homestead Act reflects that the purpose of the Act was to adjust the homestead rights in effect in Puerto Rico since 1903 in order to remove the old $15,000 limitation and adapt it to the social and economic reality by exempting one real property. Bones Cruz v. Registrar, 2016 TSPR 44; Rivera-García v. Registrar, 189 DPR 628 (2013). However, the new Homestead right would be deemed waived as to collection for taxes owed.

The Supreme Court has stated that when a creditor "files a proof of claim ... it is using a traditional method of collecting a debt." Gardner v. State of New Jersey, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947) (as quoted in In re Brimmage, 523 B.R. 134, 138, 2015 WL 150244 (Bankr. N.D. Ill. 2015)). Therefore, the filing of the proof of claim by the Treasury Department in this case is a tax collection as to which Debtors' homestead right is deemed waived.

WHEREFORE, it is most respectfully requested from this Honorable Court, that the order entered at docket no. 48 be vacated and set aside and the objection filed by Trustee granted, with such other and further relief as may be just and proper.

**NOTICE**

**Within fourteen (14) days after services as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006 (f) is you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this same date she has electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all interested parties of record.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 1st day of September, 2016.

/s/ ELDIA M. DIAZ OLMO
USDC No. 128003
PO Box 363952
San Juan, P.R. 00936-3952
Tel. (787) 641-7355
Fax: (787) 641-7354
e-mail:diazolmo@villamil.net