IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>ORLANDO DELGADO RIVERA<br>CARMEN L DELGADO ANDRADES<br>SSN / ITIN: xxxx-xx-0364, xxx-xx-7805<br>Debtors | CASE NO.  15-01926 ESL<br><br>CHAPTER 7 |

**DEBTORS' OPPOSITION TO
TRUSTEE'S MOTION TO ALTER ORDER AT DOCKET NO. 48
AND INCORPORATED BRIEF**

TO THE HONORABLE COURT:

**COME NOW** debtors herein, **ORLANDO DELGADO RIVERA** and **CARMEN L DELGADO ANDRADES**, through the undersigned attorney, and respectfully state and pray as follows:

1.  The Trustee has submitted a motion titled '***Motion to Alter Order at Docket No. 48 and Incorporate Brief***', filed on September 1st, 2016 and entered on Docket #52.

2. On June 24th, 2016, the Trustee filed an Application to employ attorney for Trustee.  (Docket Entry #44)

3.  On that same date, the Trustee filed a motion requesting time to reply to the Court's Order entered on docket #42. The Court granted the extension of time with a due by July 24th, 2016.  (Docket Entries #45, and #46 respectively)

4. The time to reply to the Court's Order expired on **July 24th, 2016**; nor the Trustee or his attorney requested additional time to comply with the Court's Order of June 21st, 2016.

 5. On **July 29th, 2016**, five days after the expiration date of the time granted, the Honorable Court granted debtors' reply to Trustee's objection to claimed homestead exemption.  (Docket Entry #48)

6. After that, but thirty-eight (38) days later of the entry of the Order, that is, on **September 1st, 2016**, the attorney for the Trustee filed a motion for reconsideration alleging exceptional circumstances exist for the Court to alter the Order, and that there is justification for the request of reconsideration due to legal error is not the type of mistake, inadvertence, surprise or excusable neglect that justifies relief under Fed. R. Civ. P. 60(b)(1).

7. A party may file a motion for reconsideration of a judgment with the bankruptcy court, no later than 10 days after the entry of the judgment.  See, Fed. R. Civ. P. 52(b); see also Fed. R. Bank. P. 7052. Moreover, Rule 9023 of the Federal Rules of Bankruptcy Procedure states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." See also, Fed. R. Civ. P. 59(e).

8. A party may file a motion for reconsideration with the bankruptcy court, within a reasonable time after the entry of a judgment or order, for relief from the final judgment or order for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovery evidence that, with reasonable diligence, court not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59; (3) fraud (intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on earlier judgment that has been reversed or vacated; or applying it prospectively is longer equitable; or (6) any other reason that justifies relief.  See, Fed. R. Civ. 60(b), also Fed. R. Bank. P. 9024.

9. A motion for reconsideration should be granted sparingly and in limited circumstances." *Parikh*, 397 B.R. at 523. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court." *Flatbush Square, Inc.*, 508 B.R. at 568.

10. Trustee employed Fed. R. Civ. P. 60(b) because he failed to act pursuant to the ten (10) day period mandated by Fed. R. Civ. P. 59(e), thus Trustee's Motion for Reconsideration is untimely.

11. Given the above, Debtors hereby present its Opposition to Motion filed by the Trustee, setting forth the reasons why Trustee's request should be denied, because is untimely; the Trustee failed to act pursuant to the ten (10) day period mandated by Fed. R. Civ. P. 59(e), and Trustee presents any new legal arguments, or any issues of fact, which justify the reconsideration requested.  See ***Opinion and Order*** dated March 12, 2010, case Bk 07-05871 ESL-7, *In Re Rosado*; ***Opinion and Order*** dated February 24th, 1999, case BK 95-02831, Adv. Nos. 96-0108, 96-0109, *In Re Pabon Rodriguez*.

12. We sustain our position regarding that debtors have the right to claim exemption over homestead under the Puerto Rico Home Protection Act, as amended ["PRLA 31 §§385(a), 1851 – 1857], and that PR Treasury is stayed to enforce any lien against the debtor's primary residence due to the filing of the bankruptcy case of debtors.

13. The Chapter 7 Trustee filed an Objection to Claimed Homestead Exemption (Docket Entry #34).

14. Debtors chose the Local Exemptions, and therefore debtors have claimed for the homestead exemption under Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", hereinafter the "2011 PR Home Protection Act").

15. Debtors submitted copy of the Homestead Act and evidence of the recording of the same in the Property Registrar. The Homestead Act deed was recorded prior to the filing of the case.

16. Debtors have been occupying this property described in paragraph #2-i as their primary residence. As long as debtor occupies the property claimed as principal residence, the protection applies to said property, as requires in **Article 12 of the PR Home Protection Act,** and we need to emphasize that the intention of the Puerto Rico Legislature is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings.

17. Debtors claimed Homestead Right and complies with the procedures required by Puerto Rico Home Protection Act, pursuant to ***Opinion and Order*** dated January 25, 2013 in case BK 11-09608 ESL, *In re Perez Hernandez (Docket Entry #48)*, which stated and pointed up the following:

> **Article 9 of the 2011 PR Home Protection Act, unaltered by the 2012 Amendment, establishes the general procedure to claim the right to homestead:**
>
> **Any individual or head of family who acquires a rural or urban parcel to establish and create his/her homestead thereon shall state so in the deed**

**after having been duly advised on this duty by the authorizing notary, who shall attest to such fact; and upon recording the same, the Property Registrar shall enter such statements in the body of the registration indicating that the owner has filed a Declaration of Homestead for such property. This entry shall serve as public notice.**

**If the parcel has already been registered in the name of such individual or head of family, it shall suffice for the owner or owners of such parcel to execute a Declaration before a Notary Public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record. Both documents, that is, the deed and the Declaration, as the case may be, shall state that such property shall be used for residential purposes and that the owner has not declared any other property in or outside Puerto Rico as such. The owner shall also be advised, in both documents, on the potential sanctions to which any person shall be subject if he/she attempts to or unlawfully files a Declaration of Homestead for more than one property or in favor of another person. If a person already owns another property that has been declared as his/her homestead, the existence of such other property and the fact that such property shall cease to be his/her homestead as of said time shall be acknowledged in the document; additionally, such person shall have the obligation to cancel the declaration of homestead of the former property in the Property Registry, so that the Registrar may record such cancellation in the marginal notation of the appropriate record. Such cancellation may be made through the same deed of the new property which shall be covered by homestead protection or through a Declaration.**

**Insofar as the property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner.**

**Such declarations or notations shall only constitute *prima facie* evidence of the homestead right of such property; no person may claim more than one property as a protected homestead.**

18. Article 7 of the PR Home Protection Act, established that while the beneficiary of the Homestead Act is alive, the <u>temporary lease of the home does not extinguish the protection</u>, provided that no other property that was to be her/his principal residence:

"*Section 7. - Homestead Protection in Case of Leasing.-*

*As long as the protected homestead beneficiary is alive, the temporary lease of the home which, for work or study reasons, military or diplomatic services, or due to the*

*illness of any member of his/her family up to the third degree of consanguinity or affinity that compels the individual or his/her family to temporarily relocate to another residence in or outside Puerto Rico, hall not terminate the estate of homestead, unless another property is acquired and such property becomes the beneficiary's principal residence in Puerto Rico or in another jurisdiction."*

19.  In the instant case, debtors live the property as their principal residence, and comply with the procedures required by the PR Home Protection Act, interpreted by the Court's ***Opinion and Order*** dated January 25, 2013, Docket Entry #48, page 19, *In re Perez Hernandez*:

"***If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 211 PR Home Protection Act.***"

20. Even more, pursuant to ***Opinion and Order*** dated July 15th, 2015, Docket Entry #1, *In re Otero Nazario*, BK 13-05391-MCF, the Honorable Judge concluded the following:

*The homestead protection allows for an individual bankruptcy debtor in Puerto Rico to claim the local homestead exemption without any specific limitations as to the scope or size of the homestead property, as exist in Florida or Texas. In the instant case, the debtor complies with the requirements of the homestead exemption grant. Under local law, the debtor's lease of property and the enjoyment of rents from such lease, while the debtor resides in his principal residence, is not a circumstance that waives his claim to the homestead grant. Upon a plain reading, Act 195 entitles the debtor to the rights of ownership and the faculty to enjoy the proceeds that may be lawfully generated from the exercise of such rights under Puerto Rico law. The debtor's lease of the lower level portion of his claimed residence and the enjoyment of rents from said lease, while the debtor lives in the upper level, is an exercise of the faculties of use and enjoyment that Act 195 and the Civil Code afford the debtor. The fact that the debtor shares occupancy of the residential property with another tenant does not disqualify the debtor from Puerto Rico's homestead grant. Absent limitations or restrictions in regard to ownership rights stated in Act 195, or those present in Florida and Texas homestead laws regarding size, it is clear that Puerto Rican legislators intended that once homesteaders successfully claim their property as principal residence, they are entitled to claim an indivisible homestead exemption over such property.*

21. The Trustee objection is based in that the homestead exemption may not be waived in a case of state tax collections.

22.  Regarding to the allegation that "*The PR Homestead Act does not require a recorded valid lien for the right to be deemed waived as to the Treasury Department*", debtors insist on their argument that this property does not respond to the tax attachment of Treasury Department.

23.  The primary residential <u>property is not subject to the PR Treasury's Attachment</u>, there was no attachment on this property prior to the filing of the bankruptcy petition.  There is not tax lien registered over this property.

24. The Trustee argues that the filing of the proof of claim by the Treasury Department in this case is a tax Collection as to which debtors' homestead right is deemed waived.  The cited case <u>Gardner v. State of New Jersey</u>, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947); is concerning to a tax lien registered over the subject property.

25. Debtors filed their bankruptcy case on March 17th, 2015, and the Department of Treasury filed an unsecured proof of claim on September 2016, because the tax lien annotation expired on May 2014; the term of six (6) years has elapsed without having extended this deadline, pursuant the Mortgage Act, 1979 is requested, Art. 144, 30 LPRA, Section 2468, due to the expiration of the annotation, but this only concern to other three properties, and the lien has no relation with debtors' residential property, that it is clear of tax liens.

26.  On the other hand, the automatic stay prohibits the creation of new liens, the perfection of prior liens, or the enforcement of previously perfected liens against property of the estate or against property of the debtor when those liens secure claims that arose prepetition.

27. The filing of the bankruptcy case automatically stays of any act to create, perfect, or enforce any lien against property of the estate; 11 U.S. Code §362 states as follows:

**(a)** *Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—*

> **(1)** *the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;*
> **(2)** *the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;*
> **(3)** *any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;*
> **(4)** *any act to create, perfect, or enforce any lien against property of the estate;*
> **(5)** *any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;*
> **(6)** *any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;*
> **(7)** *the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and*
> **(8)** *the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.*

28. The filing of a bankruptcy petition triggers the automatic stay, which enjoins most collection and enforcement actions by creditors, collection agencies, or governmental agencies against the debtor or property of the debtor. The automatic stay is extremely broad and serves several purposes.

29. ***Creation, Perfection, and Enforcement of Liens,*** the automatic stay prohibits the creation of new liens, the perfection of prior liens, or the enforcement of previously perfected liens against property of the estate or against property of the debtor when those liens secure claims that arose prepetition.

30. A "lien" under the Bankruptcy Code includes judicial liens, statutory liens (e.g., federal tax liens), and security interests created by agreement (e.g., real property mortgages). Mortgage foreclosure actions, seizures of collateral subject to a lien, and the sale of repossessed collateral are all prohibited by the automatic stay. However, under certain circumstances, the automatic stay does not prohibit the perfection of security interests during certain permitted grace periods, even if there is an intervening bankruptcy.

31. Pursuant to Section 362, creditors are prohibited to enforce against property of the debtor any lien, and the primary residence was released from attachment from PR Treasury Department.

32. Therefore, debtors have the right to claim exemption over homestead under the Puerto Rico Home Protection Act, as amended ["PRLA 31 §§385(a), 1851 – 1857], and that PR Treasury is stayed to enforce any lien against the debtors' primary residence due to the filing of the bankruptcy case of debtors.

**WHEREFORE** debtors respectfully request from this Honorable Court that Trustee's ***Motion for reconsideration and to Alter Order at Docket 48 and Incorporate Brief*** be denied, and allows debtors' claim of exemptions under 31 P.R. Laws Ann. §§385a, 1851 et seq., with any other remedy this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that on this same date, I electronically filed the present motion with the Clerk of the Court using CM/ECF System which will send notification to: Ms. Monsita Lecaroz Arribas, Esq., ustpregion21.hr.ecf@usdoj.gov; Mr. Wilfredo

Segarra Miranda, Esq., Chapter 7 Trustee, wisegar@gmail.com; to Trustee's counsel

Ms. Eldia M. Diaz Olmo, Esq., diazolmo@villamil.net; and to all registered parties.

**RESPECTFULLY SUBMITTED** In Humacao, Puerto Rico this 12th day of

September 2016.

        SANTOS BERRIOS LAW OFFICES LLC
        PO BOX 9102
        HUMACAO PR 00792-9102
        TEL (787)285-1001, FAX (787)285-8358
        EMAIL: santosberriosbk@gmail.com

        /S/**JUAN A SANTOS-BERRIOS**
         USDC-PR #212506