IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 15-01926 (ESL)

ORLANDO    DELGADO    RIVERA;              CHAPTER 7
CARMEN L. DELGADO ANDRADES

        Debtors

## OPINION AND ORDER

This case is before the court upon the *Motion to Alter Order at Docket No. 48 and Incorporated Brief* filed by the Chapter 7 Trustee (hereinafter referred to as the "Trustee") on September 1, 2016 (Docket No. 52). The Trustee requests that pursuant to Fed. R. Civ. P. 60(b) the court vacate and set aside the *Order* entered on July 29, 2016 (Docket No. 48) granting the Debtor's unopposed reply to the Trustee's objection to the claimed homestead exception (Docket No. 41) and grant the objection to the homestead exception filed by the Trustee. For the reasons stated below the *Motion to Alter Order* is hereby denied.

## Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A) and (B). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

## Procedural Background

The Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on March 17, 2015. The Debtor in her Schedule A -Real Property scheduled four (4) real properties. The Debtor's residence is the first real property that is listed with a current value of $200,300 and a secured claim in the amount of $71,076.22. The Debtors in Schedule C- Property Claimed as Exempt claimed the homestead exemption afforded under Puerto Rico's Homestead Protection Act No. 195 enacted on September 13, 2011 (the "Home Protection Act"), 31 L.P.R.A. §§ 1858 *et seq*., as amended, over the real property in the amount of $129,223.78. The Debtors in Schedule

-1-

D (Creditors Holding Secured Claims) listed Banco Popular de Puerto Rico as the mortgage lien holder over their residential property (property in controversy) in the amount of $71,076.22. The Debtors disclosed that the mortgage over this property was incurred on December 5, 2008. Also in Schedule D, the Debtors initially scheduled the Puerto Rico Department of Treasury ("Treasury") with a disputed claim in the amount of $432,988.06 of which $311,900 was secured with three (3) real properties whose scheduled values were: $126,500 for the property at Urb. Jardines de la Esperanza #B-8; $128,100 for the property at Urb. Jardines de la Esperanza #B-1; and $57,300 for a concrete structure. The remaining amount of $121,088.06 was listed as an unsecured claim. The Debtors did not initially list any claims in Schedule E-Creditors Holding Unsecured Priority Claims and Schedule F- Creditors Holding Unsecured Non Priority Claims. On April 22, 2015, the 341 meeting of creditors was held and closed (Docket No. 10). On September 3, 2015, Treasury filed proof of claim #2-1 in the amount of $411,674.50 for individual income taxes for the years 2003, 2004 and 2005. Treasury disclosed that the entire amount of the claim is unsecured. On September 4, 2005, Treasury filed proof of claim #3-1 which is identical to proof of claim #2-1.

On December 31, 2015, the Debtors filed a *Notice of Conversion to Chapter 7* (Docket No. 18). On January 2, 2016, the Debtors filed amended Schedule D and Schedule E/F. (Docket No. 20). Amended Schedule D: Creditors Who Have Claims Secured by Property only listed Banco Popular de Puerto Rico's mortgage in the amount of $71,076.22 over the Debtors' residence. Schedule E/F was amended to include Treasury's nonpriority unsecured claim in the amount of $411,674.50 for individual income taxes for the years 2003, 2004 and 2005. The Debtors disclosed that a lien was recorded on April 2008 and the annotation had expired on May 2014 (Docket Nos. 20 & 22).

On January 4, 2016, the case was converted to Chapter 7 and on January 11, 2016, the Trustee was appointed to this case. On March 22, 2016, the Trustee filed an *Objection to Claimed Homestead Exemption* (Docket No. 34). On April 11, 2016, the Debtors filed a *Motion Requesting*

*Extension of Time to Reply to Trustee's Objection to Claimed Homestead Exception* (Docket No. 35) and the same was granted on April 13, 2016 (Docket No. 36). On May 10, 2016, the Debtors filed a *Second Motion Requesting Extension of Time to Reply to Trustee's Objection to Claimed Homestead Exception* (Docket No. 38) and the same was granted on May 19, 2016 (Docket No. 39).

On May 25, 2016, the Debtors filed their *Reply to the Trustee's Objection to Claimed Exemption* arguing that: (i) the Debtors submitted copy of the Homestead Deed and evidence of the same being recorded in the Property Registrar. The Homestead Act deed was recorded prior to the filing of the case; (ii) the Trustee's objection is based in that the homestead exception is presumed to be waived in a case of state tax collections. Treasury accepted the release from attachments (embargo) to the primary residential property in exchange for a $90,000 payment made on December 16, 2008. The Debtors mortgaged their residential property to obtain the proceeds to make the payment to Treasury; and (iii) the title study discloses that the primary residential property is not subject to Treasury's attachment. Thus, the Debtors claimed the homestead right over their primary residence because the property was released from Treasury's attachment in the year 2008 (Docket No. 41). On June 21, 2016, the court ordered the Trustee to state his position within 21 days as to Debtors' *Reply to the Trustee's Objection to Claimed Exemption* (Docket No. 42).

On June 24, 2016, the Trustee filed an *Application for Leave to Employ Attorney for the Trustee and Notary Public* (Docket No. 44). On June 24, 2016, the Trustee filed a *Motion for Enlargement of Time to Comply with Court Order* of thirty (30) days (Docket No. 45) and the same was granted on June 27, 2016 (Docket No. 46). Subsequently, on July 29, 2016, the court granted the *Reply to Trustee's Objection to Claimed Exemption* (Docket No. 48). Also, on said date, the court granted the Trustee's application to employ attorney (Docket No. 49).

Thereafter, on September 1, 2016, the Trustee filed a *Motion to Alter Order at Docket No. 48 and Incorporated Brief* (Docket No. 52). On September 12, 2016, the Debtors filed their

*Opposition to Trustee's Motion to Alter Order at Docket No. 48 and Incorporated Brief* (Docket No. 53).

*Position of the Parties*

The Trustee's request to vacate and set aside the Order granting the Debtors' reply pursuant to Fed. R. Civ. P. 60(b)(1) and (6) is premised upon the following; "…in this case, the legal errors that led to the entry of the order granting Debtors' reply constitute exceptional circumstances, especially since the Court entered the order even before granting Trustee's application to employ counsel, which application has been filed precisely to file the memorandum of law in response to Debtors' reply" (Docket No. 52, pg. 6). If the Order is vacated and set aside, the Trustee's arguments are as follows: (i) the Home Protection Act does not require a valid registered lien by the Treasury Department for the homestead right to be deemed waived pursuant to 31 L.P.R.A. §1858a(b); (ii) "[t]he Homestead Act clearly provides that such right is deemed waived as to state tax collection. Nowhere does it require that an attachment be filed by the Treasury. The right is simply deemed waived in all tax collection cases ('casos de cobro de contribuciones');" and (iii) "…the filing of the proof of claim by the Treasury Department in this case is a tax collection as to which Debtors' homestead right is deemed waived" (Docket No. 52, pg. 7-9).

The Debtors oppose the Trustee's request to vacate and set aside the aforementioned Order mainly because the Trustee's arguments do not justify the relief requested pursuant to Fed. R. Civ. P. 60(b)(1) and (6). The Debtors further argue that Treasury is stayed from enforcing any lien against the Debtors' primary residence due to the filing of the bankruptcy petition because of the following: (i) Treasury does not have an attachment or tax lien on the residential property. "A 'lien' under the Bankruptcy Code includes judicial liens, statutory liens (e.g., federal tax liens), and security interests created by agreement (e.g. real property mortgages);" (ii) Treasury filed an unsecured non-priority proof of claim; and (iii) the automatic stay prohibits, "…any act to create,

-4-

perfect or enforce any lien against property of the estate" or against property of the debtor when those liens secure prepetition claims. 11 U.S.C. §362(a)(4) and (5). (Docket No. 53).

Applicable Law and Analysis

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994).  Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b).  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993).  "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies depends essentially on the time a motion is served.  If a motion is served within [fourteen[1]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).  If the motion is served after that time, it falls under Rule 60(b)."  In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243.  Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.")  "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling."  In re Lozada Rivera, 470 B.R. at 113.   Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

---

[1] See Fed. R. Bankr. P. 9023.

-5-

In this case, the Trustee's *Motion to Alter Order at Docket No. 48 and Incorporated Brief* was filed thirty-four (34) days after the Order was rendered. Thus, the court will consider the same under Fed. R. Civ. P. 60(b), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9024. "It is the invariable rule, and thus, the rule in the [First Circuit], that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." RBSF, LLC v. Franklin (In re Franklin), 445 B.R. 34, 45 (Bankr. D. Mass. 2011)(quoting Teamsters, Chauffers, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F. 2d 17, 20 (1st Cir. 1992)). Fed. R. Civ. P. 60(b) provides in pertinent part:

> "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(a);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60(b)(1)-(6) offers six (6) independent reasons for relief. The motion to alter order cites Fed. R. Civ. P. 60(b)(1) and (6). The Trustee in the *Discussion* section of the motion cites Rule 60(b) in its entirety and then includes a paragraph as to Rule 60(b)(1) and four (4) paragraphs regarding Rule 60(b)(6). The court finds that even though the Trustee cites Rule 60(b)(1), he does not plead with particularity how the existence of mistake, inadvertence or excusable neglect applies in the instant case. The Trustee does not offer newly discovered evidence nor argues that there is a manifest error of law or point to fraud. The Trustee's request to alter order is based upon Rule 60(b)(6).

Fed. R. Civ. P. 60(b)(6) is a catch-all provision that requires the movant to demonstrate "any other reason which justifies relief," "which authorizes relief for 'any other reason'—that is, any reason not encompassed within the previous five clauses—that might justify relief." Rivera Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F. 3d 1, 4 (1st Cir. 2014). Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances" that justify "extraordinary" relief. See E. Sav. Bank fsb v. Lafata (In re Lafata), 344 B.R. 715, 722 (B.A.P. 1st Cir. 2006) citing Valley Citizens for a Safe Environment v. Aldridge, 969 F. 2d 1315, 1317 (1st Cir. 1992). "This provision, which provides for relief from a judgment based on 'any other reason,' is a 'grand reservoir of equitable power to do justice in a particular case.' The provision 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" 12-60 Moore's Federal Practice- Civil §60.48[1]. "Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought" Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 178 (B.A.P. 1st Cir. 2011); See also; Roman v. Carrion (In re Rodriguez Gonzalez), 396 B.R. 790 (B.A.P. 1st Cir. 2008).

The Trustee alleges that: "…. in this case, the legal errors that led to the entry of the order granting Debtors' reply constitute exceptional circumstances, especially since the Court entered the order before granting Trustee's application to employ counsel, which application had been filed precisely to file the memorandum of law in response to Debtors' reply" (Docket No. 52, pg. 6). The Trustee does not explain which were "the legal errors that led to the entry of the order granting Debtor's reply" and how these "legal errors" constitute exceptional circumstances. The Trustee's *Motion for Enlargement of Time to Comply with Court Order* of thirty (30) days was filed on June 24, 2016 and the same lapsed on July 26, 2016 (July 25, 2016 was a court holiday – Puerto Rico Constitution Day). If the Trustee needed additional time to file his reply because the court had not approved the application of employment for counsel, then he could have filed a second motion for extension of time in order to protect the legal interests (rights) of the parties in

interest.  On July 29, 2016, the court granted the application of employment of attorney and said attorney filed a notice on appearance on August 31, 2016.  The court finds that in the instant case, the Trustee's reasons do not constitute "extraordinary circumstances" warranting the highly extraordinary relief provided under Rule 60(b)(6).

At this juncture, the court does not have to adjudicate the underlying legal issue because it is denying the Trustee's motion to alter or set aside order pursuant to Rule 60(b)(6). However, the Court is concerned about the Trustee's allegations as to whether filing of a proof of claim in a bankruptcy case constitutes a state tax collection action (or an effort to collect taxes) within the purviews of the Internal Revenue Code for a New Puerto Rico ("Tax Code"), 13 L.P.R.A. §§33261-33280 that provide in detail the procedures for filing with the Property Registry a tax lien certification attachment of real and personal property.

A claim is a right to payment. 11 U.S.C. §101(5)(A).  In order to participate in bankruptcy a claim must be allowed. An initial step to have a claim allowed is the filing of a proof of claim. 11 U.S.C. §501 and Fed. R. Bankr. P. 3001 & 3002. If filing a proof of claim under 11 U.S.C. §501 constituted a collection activity (and an act to create a lien for a prepetition tax debt against a real property) then it would be in contravention with the automatic stay provisions under 11 U.S.C. §362(a) that bar the creation and perfection of state and federal tax liens. The only exception from the stay is for the creation or perfection of a statutory lien for *ad valorem* property taxes, or for special taxes or assessments on real property imposed by a governmental unit that become due after the commencement of the case may attach to real property pursuant 11 U.S.C. §362(b)(18)[2] or 11 U.S.C. §362(b)(9)(D). See also; United Stated v. Gold (In re Avis), 178 F. 3d 718, 723 (4th Cir. 1999). Circumstances that are not present in this case.

---

[2] "It should be noted that this exception is limited to the creation or perfection of liens for ad valorem property taxes and special taxes or assessments on real property. It does not permit enforcement of such liens free of the automatic stay. The taxing authority may not take action to enforce the lien, which would deprive the estate of use and possession of the property. Also, the exception does not apply to other tax liens, such as liens for income taxes, which would be stayed under section 362(a)." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.05[17](16th ed. 2016).

<u>Conclusion</u>

For the reasons set forth above, the *Motion to Alter Order* (Docket No. 52) is hereby denied. The court finds that the Trustee's reasons do not constitute "extraordinary circumstances" warranting the highly extraordinary relief provided under Rule 60(b)(6).

SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of March, 2017.

Enrique S. Lamoutte
United States Bankruptcy Judge